**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**January 29, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

QUONTEZ MARQUICE LIVINGSTON,

    Defendant - Appellant.

No. 25-3202
(D.C. No. 5:24-CR-40062-TC-1)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **McHUGH**, and **EID**, Circuit Judges.
_____

Quontez Marquice Livingston pleaded guilty to one count of possession with

intent to distribute fentanyl.  The district court sentenced him to 168 months in

prison, which was within the advisory Sentencing Guidelines range of 168 to 210

months.

Livingston seeks to appeal his conviction and sentence.  The government filed

a motion to enforce the appeal waiver contained in his plea agreement.  *See United*

*States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Livingston's counsel responded, citing *Anders v. California*, 386 U.S. 738, 744

---

    [*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(1967), stated there is no non-frivolous basis to oppose the government's motion, and moved to withdraw from representing Livingston. Consistent with the procedure outlined in *Anders*, we invited Livingston to file his own response to show why we should not enforce the appeal waiver, but he has not done so.

Under these circumstances, our duty is to examine the record and decide whether opposing the government's motion would indeed be frivolous. *See id.* We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and (3) enforcing the waiver will not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325.

***Scope of the waiver.*** Livingston seeks to appeal his conviction and sentence, but he waived the right to appeal unless his sentence exceeded the Sentencing Guidelines range or the government appealed the sentence imposed. Because his sentence was within the Sentencing Guidelines range, and the government did not appeal the sentence, Livingston's waiver covers this appeal.[1]

***Knowing and voluntary waiver.*** The plea agreement and the plea colloquy show that Livingston knowingly and voluntarily waived his right to appeal.

***Miscarriage of justice.*** Enforcing an appeal waiver will result in a miscarriage of justice only if: (1) the district court relied on an impermissible factor, such as race; (2) ineffective assistance of counsel in negotiating the waiver makes it invalid;

---

[1] The waiver carved out an exception for "any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct." Mot. to Enforce, Attach. A at 6. We take no position on claims other than the one Livingston presents on appeal, which plainly falls within the waiver's scope.

(3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in a way that seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.* at 1327. Nothing in the record suggests that enforcing the appeal waiver will cause a miscarriage of justice.

We grant the government's motion to enforce the appeal waiver and dismiss this appeal. We also grant counsel's motion to withdraw as Livingston's attorney.

Entered for the Court

Per Curiam